IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **GINO RODRIGUEZ** § | | |
| *Plaintiff* § | | |
| § | Civ. No. | |
| **V.** § | | |
| § | JURY DEMANDED | |
| **ALCOA, INC. and ALCOA WORLD** § | | |
| **ALUMINA, LLC.** § | | |
| *Defendant* § | | |
| § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff GINO RODRIGUEZ, complaining of ALCOA, INC. and ALCOA WORLD ALUMINA, LLC (jointly "ALCOA") files this Original Complaint and shows:

### I. PRELIMINARY STATEMENT

This lawsuit seeks damages against ALCOA for violations of the Americans With Disabilities Act. Specifically, Plaintiff alleges that the defendants discriminated against him based on his disability or perceived disability, and ALCOA failed to accommodate his disability.

### II. JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28. U.S.C. §1332 in that it is a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

## III. VENUE

2. Venue is proper in this the United States District Court for the Southern District of Texas under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## III. PARTIES

3. Plaintiff Gino Rodriguez is an individual residing in Houston, Texas.

4. Defendant, Alcoa, Inc. is a Pennsylvania corporation authorized to do business in Texas. Alcoa, Inc. may be served with process on its registered agent CT Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

5. Defendant, Alcoa World Alumina, LLC is a Pennsylvania corporation authorized to do business in Texas. Alcoa World Alumina, LLC may be served with process on its registered agent CT Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff is a skilled laborer. He is deaf in his left ear due to a birth defect and has a significant hearing loss in his right ear. Although Plaintiff has a hearing loss he does not need mitigating devices, such as a hearing aid, in order to function in the work place. He was able to work as a service technician for Centerpoint Energy for almost 14 years as a service technician and more recently worked for Verde Environment Solutions as a crew leader without the need for a hearing aid.

7. In October 2007, Rodriguez applied for the position of Plant Utility Operator (JG 12) at the Alcoa, Point Comfort Operations. Rodriguez was interviewed for the position and was required to undergo field testing before being offered the position in

a letter dated December 12, 2007. The letter offering Rodriguez the position required that he undergo a physical examination prior to his employment.

8. Based on the offer of employment, Rodriguez resigned from his position with Verde Environmental Services.

9. During the pre-employment physical, the doctor conducting the examination confirmed that Rodriguez had a hearing loss and concluded that Rodriguez did not meet Alcoa's requirement for the position. Rodriguez told the doctor that he has never needed a hearing aid, but if that was what was required for the job he would purchase one. The doctor told him that he should not purchase a hearing aid because he would still not be hired.

10. On January 16, 2008, Alcoa sent Rodriguez a letter withdrawing the offer employment based on "unsuccessfully passing our pre-employment physical." Rodriguez called Bret A. Martinets, Sr. Industrial Relations Supervisor to ask why the job offer was being withdrawn. Martinets told him it was because of Rodriguez's hearing loss. Rodriguez again offered to buy a hearing aid but Martinets said it would not make any difference.

11. Plaintiff was qualified for the position of Plant Utility Operator without the need for mitigating measures, such as a hearing aid. Moreover, Plaintiff would clearly have been qualified for the position with the mitigating measure of a hearing aid.

12. At no time did ALCOA discuss with the Plaintiff, what if any, mitigating accommodation would be needed in order to allow the Plaintiff to perform the duties of a Plant Utility Operator.

## V.
## CONDITIONS PRECEDENT

13. Rodriguez filed a Charge of Discrimination on January 15, 2008 with the Equal Employment Opportunity Commission ("EEOC"). After conducting an investigation, the EEOC issue a Letter of Determination finding that Alcoa had violated the Americans With Disabilities Act. (A true and correct copy of the Letter of Determination is attached hereto as exhibit A.) The EEOC attempted a conciliation with Alcoa; however, the conciliation was unsuccessful.

14. On September 9, 2009 the EEOC issued a Notice of Right to Sue.

## VI
## CAUSES OF ACTION

*Discrimination in Employment*

15. Alcoa rescinded an offer of employment to Plaintiff based on his disability or perceived disability. Alcoa further failed and refused to engage in a discussion with Rodriguez regarding his ability to perform the essential function of the job or the need for an accommodation. The decision to withdraw the offer of employment was done with actual malice or reckless indifference to Rodriguez' rights thereby entitling him to punitive damages.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gino Rodriguez prays that Defendants Alcoa, Inc. and Alcoa World Alumina, LLC. be cited to appear and that on final trial of this matter that the Court:

a. Enter a mandatory injunction placing Rodriguez in the position of a Plant Utility Operator (JG 12).

b. back pay from January 14, 2008 to the date of judgment less any earnings in the interim;

c.  front pay if Rodriguez is not placed in the position;

d.  compensatory and punitive damages arising from the unlawful employment practices as allowed by law;

e.  attorney fees;

f.  pre-judgment interest and post-judgment interest on all such sums;

g.  costs of court; and

h.  all other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: ___/s/ Linda D. King_____
    Linda D. King
    State Bar No. 11455600
    So. Dist. No. 6060
    Mark D. Goranson
    State Bar No. 08192950
    Fed. Id. No. 9093
    550 Westcott, Suite 415
    Houston, Texas 77007
    Phone: (713) 526-9200
    Fax:    (713) 526-9202

    **ATTORNEYS FOR PLAINTIFF**
    **GINO RODRIGUEZ**